Filed 11/19/20  P. v. Fox CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBIN DAVID FOX III,<br><br>Defendant and Appellant. | C090993<br><br>(Super. Ct. Nos. 19CF06074, 19CM05448) |

Appointed counsel for defendant Robin David Fox III filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant broke the window of a bicycle shop with a rock and took a bicycle. Police apprehended defendant shortly thereafter riding the bicycle down the street; it had a price tag from the bicycle store attached to the handlebars. Defendant admitted he had broken the window and taken the bicycle.

The prosecution charged defendant with a single count of burglary. (Pen. Code, § 459.)[1] Defendant ultimately pleaded guilty to one count of second degree burglary. The parties stipulated the probation report could form the factual basis for the plea. Because defendant had also been on probation in case No. 19CM05448, the court also found him in violation of probation in that case.

At the sentencing hearing, defense counsel asked the court to find defendant lacked the ability to pay any fines and fees based on his indigence. The court suspended imposition of sentence and placed defendant on formal probation for three years. The court also reinstated probation in case No. 19CM05448. Under the terms of probation, defendant was required to serve 120 days in county jail, with 51 actual days of credit, and authorization to release defendant to a local substance abuse treatment program.

The court imposed victim restitution in the amount of $1,012.41. (§ 1202.4, subd. (f)(3)(G).) The court also imposed other fines and fees, including: "a $30 conviction assessment fee pursuant to Government Code [§] 70373. A $40 court operations assessment fee pursuant to [§] 1465.8. There is a $300 state restitution fund fine pursuant to [§] 1202.4(b). There's a probation revocation restitution fine in the same amount that is suspended per [§] 1202.44. There is a $39 theft fine payable to Chico PD pursuant to [§] 1202.5."

---

[1] Undesignated statutory references are to the Penal Code.

The probation minute order listed each of these fines with the statutory bases and noted the $39 theft fine amount "includes penalty assessment." The probation report also listed the $39 theft fine, and explained it was comprised of a base fine of $10 (§ 1202.5) plus penalty assessments including a court surcharge of $2 (§ 1465.7), a state court facilities construction fund assessment of $5 (Gov. Code, § 70372, subd. (a)), a state penalty assessment of $10 (§ 1464), a county penalty assessment of $7 (Gov. Code, § 76000), a DNA identification fund assessment of $1 (Gov. Code, § 76104.6), and a DNA identification fund assessment of $4 (Gov. Code, § 76104.7). The court waived fees for probation supervision (§ 1203.1b), the presentence investigation report, and the public defender (§ 987.8), but determined defendant had the ability to pay the other fines and fees.

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Renner, J.

4